# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **EDWARD PITT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:20-cv-00466-MTT-CHW** |
| **v.** | : | |
| | : | |
| **WARDEN CLINTON PERRY,** | : | |
| **MEDICAL DIRECTOR COWEN,** | : | |
| **P.A. HAMSLEY,** | : | |
| **NURSE BURK,** | : | |
| **NURSE HARBUCK,** | : | |
| **KEVIN WOODS,[1]** | : | |
| **DR. BARBER,[2]** | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |

## ORDER AND RECOMMENDATION

Presently pending before the Court is the amended complaint filed by *pro se*

Plaintiff Edward Pitt, a prisoner in Macon State Prison in Oglethorpe, Georgia, seeking

---

[1] Plaintiff has amended his complaint.  ECF No. 8.  In his amended complaint, Plaintiff names Warden Clinton Perry, Medical Director Cowen, P.A. Hamsley, Nurse Burk, Nurse Harbuck, and Physical Therapist Kevin Woods as Defendants.   Therefore, the Clerk's office is **DIRECTED** to add these persons as Defendants and to terminate "Unknown Defendants" as a Defendant . *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).

[2] Plaintiff has filed a motion to add Dr. Barber as a Defendant in this action.  ECF No. 20. Because that motion is **GRANTED** for the reasons set forth in this Order**,** the Clerk's office is **DIRECTED** to add Dr. Barber as a Defendant.

relief pursuant to 42 U.S.C. § 1983.   ECF No. 8.   Plaintiff has paid the filing fee and this his complaint is ripe for preliminary review.   On preliminary review, Plaintiff will be allowed to proceed on his Eighth Amendment claim as to his hand injury against Defendants Medical Director Cowen, P.A. Hamsley, Warden Perry, Orthopedic Surgeon Dr. Barber, and Physical Therapist Kevin Wood for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's Eighth Amendment claim regarding his eye injury against Defendants Perry, Cowen, Hamsley, Harbuck, and Burke as well as his Eighth Amendment claim regarding his neuropathy medication and his Fourteenth Amendment Due Process claims against all Defendants be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.

## MISCELLENAOUS MOTIONS

Plaintiff has filed an "Addendum to Parties" in which he requests to add Dr. Barber as a Defendant.   ECF No. 20.   Plaintiff alleges that he was referred from Macon State Prison to Dr. Barber at Georgia State Prison on at least three occasions for treatment for his broken hand.   ECF No. 8-1 at 15-21.   Macon State Prison is located in Oglethorpe, Georgia which is in Macon County and lies within the Middle District of Georgia.   *See* 28 U.S.C. § 90.   Georgia State Prison is in Reidsville, Georgia which is in Tattnall County and lies within the Southern District of Georgia.   *Id*.

A § 1983 plaintiff may set forth only related claims in one civil rights complaint. Fed. R. Civ. P. 20(a)(2)(A)-(B).   He may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or

occurrences; and . . . any question of law or fact common to all defendants will arise in the action." *Id.* Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.,* 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). The Court "has broad discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (citations omitted).

Plaintiff has demonstrated that his claims regarding the treatment of his broken hand arise from a series of occurrences from one prison to the next that began at Macon State Prison which lies within the Middle District of Georgia. ECF No. 8-1 at 15-21; 28 U.S.C. § 90. Furthermore, there is a 'logical relationship' between the claims in that Plaintiff's medical treatment for his broken hand was ongoing between Macon State Prison and Dr. Barber of Georgia State Prison. ECF No. 8-1 at 15-21. Thus, joinder is permissible although Georgia State Prison is within the Southern District of Georgia. Fed. R. Civ. P. 20(a)(2)(A)-(B). Accordingly, Plaintiff's motion to add Dr. Barber from Georgia State Prison as a Defendant (ECF No. 20) is **GRANTED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

3

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.    When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"   *Hughes*, 350 F.3d at 1160 (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).   The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"   *Id.* (citation omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"   *Twombly*,

550 U.S. at 555 (citation omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

Plaintiff alleges three separate incidents since 2018 in which he has received inadequate medical care, related to an eye injury, a hand injury, and the apportionment of his neuropathy medication.   ECF No. 8 at 5-6; ECF No. 8-1 at 29.

*Eye Injury*

On December 30, 2018, the Plaintiff got something in his eye while on a maintenance detail.   ECF No. 8-1 at 6.   The next day he went to medical and Nurse Harbuck informed the Plaintiff that his eye injury was not an emergency.   *Id*.   On January 2, 2019, Plaintiff was seen by Dr. Cowen and Nurse Burke who diagnosed Plaintiff with a bacterial infection and gave him eyedrops to treat it.   *Id*.   When Plaintiff was again seen

in medical on January 9, 2019, he asked P.A. Hamsley if his eye pain could be related to an abscessed tooth that Plaintiff also had.   *Id*. at 6-7.   P.A. Hamsley prescribed antibiotics for the tooth and told Plaintiff to return if his eye worsened.   *Id*. at 7.   Plaintiff's eye remained swollen, and he continued to feel pain.   *Id*.   On January 13, he put in a request to see medical again, but the prison was placed on an institutional lockdown.   *Id*.   Due to the lockdown, Plaintiff was not seen by medical until four days later.   *Id*.   P.A. Hamsley then notified Plaintiff that he believed there was something in Plaintiff's eye that would need to be treated by an eye specialist.   *Id*. at 8.   Plaintiff was informed that there was no transport available to take him to a specialist that day.   *Id*.

Eventually on January 26, 2019, Plaintiff was transported to an eye specialist in Americus, who removed some metal from Plaintiff's eye.   *Id*. at 9.   The eye specialist recommended that the Plaintiff be examined by a state doctor to determine if he needed eyeglasses.   *Id*.   Plaintiff states that he still has not received a vision exam that would determine if he needs glasses.   *Id*. at 10.   As to his eye claim, Plaintiff names Dr. Cowen, P.A. Hamsley, Warden Perry, Nurse Harbuck, and Nurse Burk as Defendants.   *Id*. at 11-14.   Plaintiff requests monetary damages.   *Id*. at 31.

*Hand Injury*

On January 30, 2019, Plaintiff accidentally slammed a locker door on his hand.   *Id*. at 15.   The following day, he was seen by P.A. Hamsley who scheduled x-rays for a possible fracture.   *Id*.   X-rays taken on February 4, 2019, revealed that Plaintiff's hand was broken.   *Id*.   From February 5 through February 16, 2019, Plaintiff was in extreme

pain and put in several medical requests to be seen, including to Warden Perry, but Plaintiff did not receive a response nor any treatment. *Id*. On February 21, Plaintiff was transported to Macon State Prison to see an orthopedic surgeon, Dr. Barber. *Id*. Dr. Barber told Plaintiff that his hand would have to be re-broken and set with rods due to the delay in treatment, but he could not immediately do the surgery until he got approval from the Georgia Department of Corrections. *Id*. at 15-16. Plaintiff did not have the surgery until March 14, 2019. *Id*. at 16-17.

Even after the hand surgery, Plaintiff continued to experience extreme pain. *Id*. at 17. On March 19, 2019, Dr. Cowen cut the cast to examine Plaintiff's arm and determined that the rods were being "compressed into [Plaintiff's] hand below the skin into [his] wrist". *Id*. at 17-18. Plaintiff was informed he would be rescheduled to see the surgeon, and Plaintiff's cast was wrapped in Ace bandages. *Id*. at 17. On April 4, 2019, Plaintiff was again seen by Dr. Barber, who placed a new and larger cast on Plaintiff's arm. *Id*. at 18-19. Plaintiff "was not happy" with the doctor's decision and felt that he should have had surgery. *Id*. at 19. Plaintiff continued to experience extreme pain and limited arm movement. *Id*. Dr. Barber eventually performed surgery in May to remove the rod from Plaintiff's arm. *Id*. After surgery, Dr. Barber recommended that Plaintiff's hand be placed in a wrist support. *Id*. at 20. Even after Plaintiff's repeated requests to Physical Therapist Woods for the wrist brace, Plaintiff did not get one until October 24, 2020. *Id*. at 21. Plaintiff complains that he continues to feel pain, and he does not believe that his hand was repaired properly. *Id*. at 22. Plaintiff requests to see "an independent

orthopedic surgeon to discuss long term affects of [his] wrist/ arm". *Id.* Plaintiff also requests monetary damages. *Id.* at 31. As to his hand injury, Plaintiff names Dr. Cowen, Dr. Barber, P.A. Hamsley, Warden Perry, and Physical Therapist Woods as Defendants. *Id.* at 23-28.

*Drug Treatment for Neuropathy*

Lastly, Plaintiff states that "drugs for my diagnosis of neuropathy have become a serious issue." *Id.* at 29. Plaintiff takes a narcotic medication called Lyrica for his pain. *Id.* He complains that he did not receive his Lyrica in a consistent manner in 2019 and that it must be given consistently. *Id.* More specifically, Plaintiff states that "while out with coronavirus, Dr. Cowen could not regulate/manage my daily doses." *Id.* Plaintiff has "documented days, weeks, and even months" where he has had missed doses. *Id.* Plaintiff further alleges that "partial doses have figured into [his] neuropathy in various ways harmful to [his] health and expedited [his] nerve pain." *Id.*

III.   Plaintiff's Claims

Plaintiff raises claims regarding three separate and distinct incidents in this one action: an eye injury from 2018, a hand injury from 2019, and the apportionment of his neuropathy medication from 2019 to present. As a preliminary matter, these claims should have been brought by the Plaintiff as three separate actions. Because Plaintiff's complaint asserts seemingly unrelated claims from different incidents against numerous defendants, it is a "shotgun pleading". *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002); *see also Weiland v. Palm Beach*

*Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)(the leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading); *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010)( shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources").

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure.   *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). However, because the Plaintiff has delayed the filing of his claims in at least two of the incidents, there is a possibility that those claims could be barred by the statute of limitations if Plaintiff is forced to refile each claim as a separate action.   Thus, in the interest of justice, the Court will review each of these individual claims.

A.   <u>Due Process claim against all Defendants for his eye and hand injuries</u>

Plaintiff claims that his allegations of inadequate medical care for his eye and hand injuries amount to the Defendants denying him due process under the Fourteenth Amendment to the Constitution.   ECF No. 8-1 at 13-14, 27-28.   "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of

a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). Where deprivation of constitutionally protected interest is shown, "due process entitles an individual to notice and some form of a hearing before state action may finally deprive him or her of a property interest." *Id.* citing *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

Plaintiff has not alleged a deprivation of a property or liberty interest, and the Court is unaware of any precedent holding that an inmate has a right to a hearing within the prison system prior to medical decisions. Plaintiff's due process claims are thus unsupported by law. Accordingly, it is **RECOMMENDED** that Plaintiff's claim as to a violation of his Fourteenth Amendment Due Process rights be **DISMISSED** as to all Defendants.

B.   Eighth Amendment deliberate indifference to a serious medical need claim for his eye injury, hand injury, and neuropathy medication

Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated due to inadequate medical care. The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Estelle*, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Hill*, 40 F.3d at 1187). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243. Under the second, subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." *Haney v. City of Cumming*, 69 F.3d 1098, 1102 (11th Cir. 1995). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106; *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991). In fact, care provided to a prisoner need

not be "perfect, the best obtainable, or even very good."   *Harris,* 941 F.2d at 1510 (quoting *Brown v. Beck,* 481 F.Supp. 723, 726 (S.D.Ga.1980)).   The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness.   *Farmer,* 511 U.S. at 837.   "[I]t is obduracy and wantonness, not inadvertence or error in good faith," that violates the Constitution in "'supplying medical needs.'" *Adams v. Poag,* 61 F.3d at 1543 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

A prisoner's mere disagreement with a prison physician concerning the proper course of treatment does not entitle him to any relief under § 1983.   "[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams,* 61 F.3d at 1545 (quoting *Estelle,* 429 U.S. at 107); *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir.1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable).   A § 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." *Brinton v. Gaffney,* 554 F.Supp. 388, 389 (E.D.Pa.1983); *see also Miller v. King,* 384 F.3d 1248, 1251 (11th Cir.2004)("even gross negligence" is insufficient to establish liability under § 1983).

*1. Eye Injury*

Plaintiff complains that the medical treatment he received when he got a piece of metal in his eye was inadequate.   Even if his eye pain was initially misdiagnosed as an infection, however, this fact in itself does not give rise to an Eighth Amendment claim of deliberate indifference to a serious medical need.   To prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Even if Plaintiff has met his burden of establishing that having a piece of debris in his eye is a serious medical need implicating the Eighth Amendment, Plaintiff has failed to establish that Defendants Cowen, Hamsley, Harbuck, Burke, and Perry acted with deliberate indifference to his serious medical needs.   Specifically, Plaintiff lists no less than six times that he was seen by medical personnel over a twenty-six day period, including a transport to Americus to see a specialist who successfully removed the debris. He received medication to treat any possible infection.   Plaintiff alleges no permanent injury or deformity from this eye injury over two years ago.   Plaintiff has failed to demonstrate that the Defendants did not take measures to treat his eye after Plaintiff alerted them to the nature of his condition or that the Defendants acted with any deliberate indifference to his condition or with wanton recklessness.

13

Plaintiff further complains that he has not received an eye exam to ascertain whether he needs glasses.   Plaintiff asserts that the Defendants should have scheduled him for an eyeglass exam because the eye specialist suggested he have one.   Plaintiff has made no allegations that the lack of an eye exam has caused him any harm or poses a "substantial risk of serious harm" to him.   *Farrow*, 40 F.3d at 1243; see also *Logue v. Johnson*, No. CV410-240, 2012 WL 2863450, at *2 (S.D. Ga. July 11, 2012), *report and recommendation adopted*, No. CV410-240, 2012 WL 3096051 (S.D. Ga. July 30, 2012) *citing Lavin v. Hulick,* 2010 WL 2137250 at *6 (S.D.Ill. May 27, 2010) (failure to state a claim for lack of eyeglasses where there was "no allegation that he suffered any physical harm due to his lack of glasses"), and *Richardson v. Cox,* 1992 WL 392616 at *3 (E.D.Pa.1992) (bare allegation that eyeglasses were withheld is not enough to state a claim for relief).   It is thus **RECOMMENDED** that Plaintiff's Eighth Amendment claim related to his eye injury and lack of an eyeglass exam be **DISMISSED** without prejudice.

### 2. *Hand Injury*

Against Dr. Cowen, Dr. Barber, Hamsley, Perry, and Wood, Plaintiff asserts claims of deliberate indifference in the treatment of his broken hand.   Plaintiff asserts that each of these defendants was personally aware of the worsening condition of Plaintiff's hand, the severe pain caused by delays in treatment, the need for additional surgery to address a misplaced rod, and the need for accommodations to prevent his hand injury from getting worse.

An official acts with deliberate indifference when he or she "knows of and

14

disregards an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. However, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham*, 654 F.3d at 1176. "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* Moreover, severe pain that is not promptly or adequately treated can constitute a serious medical need depending on the circumstances. *Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016); see also *McElligott v. Foley*, 182 F.3d 1248, 1255–59 (11th Cir. 1999); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (per curiam) (delay in treating inmate's broken foot, no matter how brief, could render defendants liable for deliberate infliction of pain).

At this early stage, the Court must construe Plaintiff's allegations in his favor. So construed, Plaintiff's deliberate indifference to a serious medical need claim regarding his broken hand against Defendants Cowen, Hamsley, Perry, Barber, and Wood is sufficient to proceed for further factual development.

### 3.  *Neuropathy*

Plaintiff further complains that he suffers from neuropathy and that since 2019 he has at times received only partial doses of his prescribed pain medication, Lyrica. He argues that this has "become an increasing issue while out with corona virus, Dr. Cowen could not regulate/manage [Plaintiff's] daily doses". ECF No. 8-1 at 29. He then makes

a general allegation that the inconsistent provision of medication has somehow "figured into [his] neuropathy in various ways harmful to [his] health and has expedited [his] nerve pain which has made managing the pain extremely difficult".  *Id.*

Plaintiff names no Defendants as to this prescription medicine claim.  A district court properly dismisses a claim when a plaintiff, other than naming defendants in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.  *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").    Furthermore, Plaintiff's claim is based on the bald conclusion that the medical department intentionally withheld doses or provided partial doses and that the inconsistent medication has exacerbated his neuropathy. These conclusory allegations are insufficient to state a claim.  *See Iqbal*, 556 U.S. at 663 ("Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984)("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.")

To the extent that Plaintiff may have intended to name Dr. Cowen as a Defendant on his neuropathy medication complaint, his claim is still insufficient. Plaintiff acknowledges that he has been treated with a narcotic medication for the pain related to his condition for at least two years. Plaintiff's allegations do not establish that his neuropathy is a serious medical need, but even if it is a serious medical need, he has not alleged facts to show that Dr. Cowen has acted with deliberate indifference in disregarding treatment of the neuropathy. Essentially, Plaintiff believes he should be receiving more doses of a narcotic medication than he is given. "[T]he question of whether government actors should have employed additional … forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams,* 61 F.3d at 1545 (quoting *Estelle,* 429 U.S. at 107); *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir.1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable). It is thus **RECOMMENDED** that Plaintiff's claim regarding the administration of his neuropathy medication be **DISMISSED** without prejudice.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Eight Amendment claim as to his hand injury against Defendants Dr. Cowen, Dr. Barber, Hamsley, Perry, and Wood shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's Eighth Amendment claim regarding his eye injury against Defendants Perry, Cowen, Hamsley, Harbuck, and Burke as well as his Eighth Amendment claim regarding his neuropathy

medication be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.   It is further **RECOMMENDED** that Plaintiff's Fourteenth Amendment Due Process claims against all Defendants be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Because Plaintiff is not proceeding *in forma pauperis* in this case and having found that Plaintiff has made colorable constitutional violation claims against Medical Director Cowen, P.A. Hamsley, Warden Perry, and Physical Therapist Kevin Wood at Macon State Prison and against Orthopedic Surgeon Dr. Barber at Georgia State Prison, it is accordingly **ORDERED** that Plaintiff serve these Defendants[3] and that they file an

---

3 Plaintiff is not proceeding *in forma pauperis* in this case, and thus has the responsibility for effecting service of process.

Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by

mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive

motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service

of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 6th day of October, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge