IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD PITT,                                    :
                                                :
                          Plaintiff,            :
                                                :
            v.                                  :          Case No. 5:20-cv-466-MTT-CHW
                                                :
Warden CLINTON PERRY, *et al.*,                 :
                                                :          Proceedings Under 42 U.S.C. §1983
                         Defendants.            :          Before the U.S. Magistrate Judge
                                                :

## ORDER

In this case, Plaintiff Edward Pitt, a prisoner incarcerated at Macon State Prison,

brings claims against various medical providers related to treatment he received for injuries

to his hand and eye. Although he is proceeding *pro se*, he has paid the filing fee in this case

and is therefore not proceeding *in forma pauperis*. The record indicates that Plaintiff has

made efforts to make service of process with the assistance of a third party who describes

herself as his "power of attorney."  Four defendants – Cowen, Hamsley, Perry, and Barber

– have acknowledged or waived service and filed answers to the complaint. (Docs. 45, 47).

Two remaining defendants, Woods and Burk, have not yet answered, but Defendant Woods

has filed a motion to set aside default (Docs. 89, 95), and Defendant Burch[1] has filed a

motion for leave to file an untimely answer. (Doc. 96). For good cause shown, both motions

are hereby **GRANTED**, and Plaintiff's motions for default judgment (Docs. 69, 70) are

**DENIED**.

---

[1] Defendant Britni Burch is misidentified in Plaintiff's complaint as "Nurse Burk."

To begin with, defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Such extreme circumstances are not present in this case.

Rule 55(c)of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). Consideration of each of these factors shows that good cause exists to open default and allow this case to proceed on the merits.

There is no evidence that the defaults in this case were culpable or willful. Indeed, it is not clear that Defendant Woods is actually in default, as it is not clear that he received proper service. Although it appears that Plaintiff has made efforts to make service, employing the assistance of a third party who is not incarcerated[2] to arrange for service by

---

[2] This third party, Paula Snyder, identifies herself as Plaintiff's "power of attorney," but she is not admitted to the bar of this Court, and it does not appear that she is licensed to practice law. In federal courts, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1654. The rules of this Court do not permit non-lawyers to represent parties, even if authorized by an agreement or power of attorney. *See Jacox v. Dept. of Defense*, Case No. 5:06-cv-182, 2007

local sheriff's offices, service of process has been something of a shambles as to all the defendants. Plaintiff contends that he mailed requests for waiver of service on all defendants in January, but none of the defendants waived service. Plaintiff has submitted certified mail receipts purporting to show that he mailed something to each defendant (Doc. 94-8), but there is nothing in the record to show what exactly Plaintiff mailed or to establish that his requests for waivers of service complied with Fed. R. Civ. P. 4(d). None of the defendants returned any such waiver. Several defendants have contested the adequacy of Plaintiff's personal service efforts. Defendant Perry noted that the sheriff's entry of service (Doc. 53) showed that the process server had simply left the summons with the warden of Macon State Prison, where Defendant Perry no longer worked. (Doc. 56, pp. 1-2). Nevertheless, Defendant Perry acknowledged service, not wishing "to burden the Court or the U.S. Marshals Service with arranging service." (Doc. 56, p. 2, n. 1). Similarly, Defendant Dr. Barber contested the adequacy of service, arguing that the summons was left with a "Kendra Streat," who has no authority to accept service for defendant. (Doc. 42). Dr. Barber nevertheless filed an answer in the case and agreed to waive service after the Court directed the United States Marshals Service to perform service of process on him. (Doc. 68).

---

WL 118102 (M.D.Ga., Jan. 10, 2007). Moreover, under Georgia law, it is unlawful for any person other than a duly licensed attorney at law to appear as an attorney for any person other than herself before any judicial body. O.C.G.A. § 15-19-51(a)(1). Because she is not authorized to represent Plaintiff before this Court, Ms. Snyder is **PROHIBITED** from filing any documents on Plaintiff's behalf in this case.

As with Perry and Barber, the notice of service for Defendant Woods (Doc. 51) shows that the summons was left with a "Sharon Morgan (Scheduler)" at Woods' place of employment. There is nothing to indicate that Sharon Morgan has any authority to accept service of process on Woods' behalf under Fed. R. Civ. P. 4(e)(2) or O.C.G.A. § 9-11-4(e). In the absence of proper service, the Court cannot enter a default judgment, because "where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1299. Rather than contest the inadequacy of service, however, upon learning of the Court's (apparently erroneous) entry of default, Defendant Woods promptly filed a waiver of service and a motion to set aside default. (Docs. 87, 88).

Although Defendant Burch concedes that she was personally served (Doc. 96, p. 2), she has submitted an affidavit showing that her failure to file a timely responsive pleading was inadvertent, rather than culpable or willful. Defendant Burch testifies that immediately upon receiving the summons, she provided it to her supervisor, who forwarded it to the legal department of the Georgia Department of Corrections. (Doc. 96-1, ¶ 5). Burch was later informed that GDC would not provide her representation because she was not a state employee. (*Id.* at ¶ 6). Burch contacted her employer about who would handle the claim, but there ensued some confusion as to whether coverage was provided by her current employer or a former employer. It therefore appears that any delay in her response was the result of neglect or inadvertence by her employer or insurance carrier, and not a result of willful or culpable behavior on her own part.

Defendants have shown that they will offer a meritorious defense, and there is no indication that Plaintiff will be prejudiced by the opening of default. Due to the confusion

over service of process, this case remains in its early stages, and all parties will have the opportunity to engage in discovery and develop the merits of the case. To address the confusion created by inadequate service of process and untimely responses, the Court will modify the discovery schedule set forth in its original service and scheduling order. (Doc. 24).

Accordingly, Plaintiff's motions for default judgment (Docs. 69, 70) are **DENIED**, and Defendant Woods' motion to set aside default (Doc. 89, 95) and Defendant Burch's motion for leave to file an untimely answer (Doc. 96) are **GRANTED**. Defendants Woods and Burch shall file an answer or other responsive pleading no later than **July 31, 2022**.

It is hereby **ORDERED** that there will be a uniform discovery period as to **all defendants**, to begin on **July 31, 2022** and to conclude on **October 31, 2022**. Dispositive motions may be filed no later than **November 30, 2022**.

The default judgment hearing previously scheduled for August 12, 2022, is no longer necessary and is hereby **CANCELLED**.

**SO ORDERED,** this 19th day of July, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge