## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

EDWARD PITT,             )
                               )
            **Plaintiff,**      )
                               )
          **v.**             )     **CIVIL ACTION NO. 5:20-cv-466 (MTT)**
                               )
**Warden CLINTON PERRY, et al.,**     )
                               )
                               )
         **Defendants.**     )
                               )

## <u>ORDER</u>

Plaintiff Edward Pitt has moved the Court to reconsider Magistrate Judge Charles H. Weigle's order denying, among other things, Pitt's motions for service costs (Doc. 86).  Doc. 94.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*. (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Under the Federal Rules of Civil Procedure, a plaintiff is entitled to the expenses incurred in making service against a defendant who failed "to sign and return a waiver requested by a plaintiff[.]"  Fed. R. Civ. P. 4(d)(2).  Pitt argues that the Magistrate Judge erred in finding that he was not entitled to costs of service against all defendants because "plaintiff's burdens of proper service of complaint and waiver upon defendants were discharged correctly and timely."  Doc. 94 at 1-2.  But Pitt does not provide anything of substance to support that service complied with Federal Rule of Civil Procedure 4(d)(1).  He points the Court to certified mail receipts, notes by himself regarding tracking numbers, and proof of service upon an allegedly unauthorized agent of defendant Barber.  *See*, *e.g.*, Docs. 94-1; 94-7; 94-8; *see also* Doc. 42 (defendant Barber moved to dismiss Pitt's claim because summons was allegedly served on an unauthorized agent).  These documents solely show that something was delivered—not what was delivered, if it was delivered to a correct address or to an authorized person, or if anyone actually received the delivery.  The Court finds, and as the Magistrate Judge noted, the record does not support a finding "that the imposition of service costs is appropriate."  Doc. 86 at 2.

Because the Court does not find that the Magistrate Judge erred in denying plaintiff's motions for service costs, Pitt's motion for reconsideration (Doc. 94) is **DENIED**.

**SO ORDERED**, this 12th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT