IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD PITT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-466 (MTT) |
| Warden CLINTON PERRY, et al., | ) |
| Defendants. | ) |

# ORDER

On May 3, 2022, the Clerk of Court entered default against both defendants Britni Burch and Kevin Woods.  *See* Doc. 61.  Plaintiff Edward Pitt moved for default judgment against those defendants on May 19, 2022.  Docs. 69; 70.  In response, Woods moved to set aside default and Burch moved for leave to file an untimely answer.  Docs. 87; 96.  Pitt responded to Woods's motion but did not have the opportunity to respond to Burch's.  Doc. 97.  Magistrate Judge Charles H. Weigle denied Pitt's motions, granted both defendants' motions, and cancelled the scheduled default judgment hearing.  Doc. 102.  On August 2, 2022, Pitt filed a "notice to alter judgment" regarding the Magistrate Judge's order.  Doc. 117.  Woods responded on August 19, 2022.  Doc. 127.  For the reasons set forth below, Pitt's notice to alter judgment (Doc. 117), construed as a motion for reconsideration, is **DENIED**.

The Court will review the Magistrate Judge's order regarding Woods under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A) (the Court "may reconsider any pretrial matter … where it has been shown that the magistrate

judge's order is clearly erroneous or contrary to law."). However, Pitt was not provided an opportunity to respond to Burch's motion. Accordingly, the Court will review the denial of default judgment against Burch and the granting of her motion de novo.

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause."[1] To determine if good cause exists, courts may consider "(1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default." *Bibb Cnty. Sch. Dist. v. Dallemand*, 2019 WL 2492281 at *2 (M.D. Ga. June 13, 2019) (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)).

The Magistrate Judge's order regarding Woods was not "clearly erroneous or contrary to law." Pitt argues that "[t]he court's efforts to clearly see [Woods] was indeed served properly … seems to go ignored." Doc. 117 at 3. But the Court agrees with the Magistrate Judge that "it is not clear that Defendant Woods is actually in default, as it is not clear that he received proper service." Doc. 102 at 2. And Pitt's argument that the Magistrate Judge denied him due process by cancelling the hearing is without merit. Doc. 117 at 1. As Woods points out, the Magistrate Judge has discretion in considering an entry of default. Doc. 127 at 1; *see E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d. 524, 529 (11th Cir. 1990) (a district court's decision on an entry of default is a "discretionary ruling."). Accordingly, Pitt's motion regarding Woods is **DENIED**.

---

[1] The Court analyzes Burch's motion "as a motion to set aside an entry of default[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

Burch does not dispute that she was served on March 14, 2022.  Docs. 55; 96 at 2; 96-1.  The Clerk of Court filed an entry of default against her on May 3, 2022.  *See* Doc. 61.  She did not respond to the lawsuit until June 7, 2022, when she moved for leave to file an untimely answer.  Doc. 96.  However, Burch testified as to the reason for the delay—there was confusion as to who would be providing her counsel.  Doc. 96-1.  Currently, and at the time she was served, Burch was employed by Wellpath, a company "contracted with the Georgia Department of Corrections ('GDC') to provide medical services."  Docs. 96 at 2; 96-1 at 1.  When Burch received Pitt's complaint, she "immediately provided the lawsuit to [her] supervisor, who promptly forwarded it to the legal department of GDC."  *Id*.  After a series of back and forth between Burch, her supervisor, GDC, and Wellpath, Burch discovered GDC would not be providing her counsel and that Wellpath would.  Docs. 96 at 2; 96-1 at 2.

Because she had not heard anything more from Wellpath, she reached out to her liability insurance provider, Lighthouse Nursing Agency, Inc., on June 1, 2022.  Docs. 96 at 2-3; 96-1 at 2.  Burch did not discover that she was in default until June 30, 2022.  Docs. 96 at 3; 96-1 at 2.  That same day, Lighthouse assured Burch "that [she] had defense coverage and that defense counsel would be reaching out to [her]."  *Id*.  Defense counsel then contacted Burch and filed the motion for leave to file an untimely answer on July 7, 2022.

In addition to arguing that his due process rights were violated because he was not afforded a hearing, Pitt also argues that Burch was willfully in default.  Doc. 117 at 2.  He alleges that "Burch knew she was never a state employee" and questions why she "ask[ed] a new employer for coverage to represent her for a claim filed against her

stemming from inactions on her part from three years prior." *Id*.  However, Pitt has not shown how Burch's decision to ask her current supervisor for assistance in a lawsuit relating to her position as a nurse for Macon State Prison is indicative of willfully avoiding the case.  Rather, Burch's efforts to find counsel tend to show the opposite.  Moreover, setting aside the default did not prejudice Pitt—he still has an opportunity to prove his case against Burch on the merits.  Finally, it is clear to the Court that Burch acted promptly to correct the default.  Doc. 96-1.  "[U]pon receiving a memo that [she] was in default, [she] immediately reached out to Lighthouse as to what [she] needed to do.  *Id*.  A week later, defense counsel filed the motion.  Doc. 96.  Although it is not clear from Burch's motion whether she will present a meritorious defense, every factor need not be met.  *See Compania*, 88 F.3d at 951 ("Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default.") (citation and internal quotation marks omitted).  Therefore, the Court finds that the Magistrate Judge had good cause to set aside the entry of default against Burch.

Accordingly, Pitt's motion for reconsideration (Doc. 117) is **DENIED**.

**SO ORDERED**, this 25th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT