IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD PITT, | : |
| Plaintiff, | : |
| v. | : Case No. 5:20-cv-466-MTT-CHW |
| Warden CLINTON PERRY, *et al.*, | : |
| Defendants. | : |

## ORDER

For the reasons discussed below, Plaintiff's motion to compel discovery (Doc. 150) is **GRANTED in part and DENIED in part**. The Defendants are **DIRECTED** to supplement the record by informing the Court whether Plaintiff filed any electronic grievances at Macon State Prison, and by producing those electronic grievances, if available, **within 14 days of the date of this Order**. In all other respects, Plaintiff's motion to compel is denied.

### ELECTRONIC GRIEVANCES

At issue in this Section 1983 action are two categories of Eighth Amendment medical care claims. First, Plaintiff sues Defendants Perry, Cowen, Barber, Hamsley, and Woods over their allegedly deficient response to Plaintiff's fractured hand, for which Plaintiff underwent two surgeries in March and May of 2019. (Doc. 8-1, pp. 15–20). Second, Plaintiff sues Defendants Burke, Hamsley, and Perry for their allegedly deficient response to "a sliver of stainless steel" that lodged in and scratched Plaintiff's eye. (Compl., Doc. 8-1, p. 9).

Before the Court at present are three dispositive motions filed by Defendants based on Plaintiff's alleged failure to exhaust the prison grievance process. (Docs. 113, 144, 153). These

motions are accompanied by three grievance policies, one effective as of June 2018 (Doc. 144-1, pp. 6–21), another effective as of March 2019 (Doc. 144-1, pp. 22–40), and a third effective as of May 2019 (Doc. 144-1, pp. 41–59). The latter two grievance policies reference the possibility that grievances might be "initiated on [a] J-Pay Kiosk … or [a] JPay Tablet" at some Georgia prison facilities. (Doc. 144-1, pp. 24, 43).

In response to the Defendants' motions, Plaintiff contends that he "was encouraged by [Macon State Prison] facility staff to use its new kiosk grievance system installed [in] 2019-20, for medical grievances only." (Doc. 155, p. 5). *Accord* (Doc. 150, pp. 1–2; Doc. 159, p. 2). The Defendants have not directly addressed Plaintiff's allegations regarding his filing of electronic grievances on the kiosk system. Additionally, the Court takes notice from another case before it that SCRIBE, a system for storing grievances, may not store electronic grievances.[1] It is not clear, therefore, that the Defendants' submission of Plaintiff's written grievance history by implication indicates that Plaintiff filed no electronic grievances, as he contends.

Accordingly, the Defendants are **DIRECTED** to supplement the record, within fourteen days of the date of this order, by addressing Plaintiff's allegations that he filed electronic grievances relating to medical issues at Macon State Prison in 2019 or 2020, and if those electronic grievances exist, then the Defendants are **DIRECTED** to produce them.

**SO ORDERED**, this 29th day of November, 2022

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge

---

[1] *See Fowler v. Daughtry*, No. 5:21-cv-454, Docket No. 16-3, p. 5, ¶ 15 (Declaration of Kareeshemah Lamar, Grievance Coordinator at Burruss CTC) ("grievances that are submitted and processed through the JPay system are not recorded in the SCRIBE Grievance History").