IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD PITT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-466 (MTT) |
| Warden CLINTON PERRY, et al., | ) |
| Defendants. | ) |

# ORDER

United States Magistrate Judge Charles H. Weigle recommends granting defendant Burch's motion to dismiss (Doc. 113), granting defendants Perry, Cowen, and Hamsley's motion to dismiss (Doc. 144), granting defendant Woods' motion for summary judgment (Doc. 153), and dismissing plaintiff Edward Pitt's claims against defendant Barber. Doc. 187. Pitt responded to each of the motions (Docs. 133; 155; 172; 173), but did not object to the Magistrate Judge's Recommendation. Because Pitt did not object, and pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error. The Recommendation (Doc. 187) is **ADOPTED in part and REJECTED in part**.

The Magistrate Judge recommends granting defendants Burch, Perry, Cowen, Hamsley, and Woods' motions based on (1) the statute of limitations as to Pitt's eye injury, and (2) Pitt's failure to exhaust his administrative remedies as to both his eye and hand injuries. Doc. 187 at 3-10. After review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge regarding the defendants'

motions to dismiss and motion for summary judgment.  The Recommendation (Doc. 187) as to these motions is **ADOPTED** and made the order of the Court.  Accordingly, defendant Burch's motion to dismiss (Doc. 113), defendants Perry, Cowen, and Hamsley's motion to dismiss (Doc. 144), and defendant Woods' motion for summary judgment (Doc. 153) are **GRANTED**.

However, after review, the Court does not accept the Magistrate Judge's recommendation to dismiss Pitt's claims against defendant Barber for failure to exhaust.  Doc. 187 at 10.  Failure to exhaust under the Prison Litigation Reform Act ("PLRA") is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Under Federal Rule of Civil Procedure 12(g)(2), unless otherwise excepted, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  And the Eleventh Circuit has held that, because "the PLRA exhaustion requirement is not jurisdictional," Rule 12(g)(2) renders the exhaustion defense forfeited where the defendant fails to raise it in his first responsive pleading.  *Brooks v. Warden*, 706 F. App'x 965, 969-70 (11th Cir. 2017)[1] (quoting *Woodford v. Ngo*, 548 U.S. 81, 101 (2006).  Defendant Barber's first responsive pleading was a motion to dismiss based on insufficient service of process.  Doc. 42.  Nowhere in that motion did defendant Barber mention Pitt's failure to exhaust.[2]  The Court cannot *sua sponte* dismiss Pitt's claims against defendant Barber for failure to exhaust.  *See Wells v. Brown*, 58 F.4th 1347,

---

[1] Although *Brooks* is an unpublished decision and thus non-binding, the Court finds its reasoning persuasive.

[2] Defendant Barber also failed to raise the issue in his answer.  Docs. 45; 137.

1357 (11th Cir. 2023).  Accordingly, the Magistrate Judge's Recommendation (Doc. 187) is **REJECTED** as to the dismissal of Pitt's claims against defendant Barber.

    **SO ORDERED**, this 1st day of March, 2023.

                                          <u>S/ Marc T. Treadwell</u>
                                          MARC T. TREADWELL, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT